Pacheco, Demandante y Apelante, v. Juez Municipal de San Juan, Sección Segunda Demandado y Apelado.

Apelación procedente de la Corte de Distrito de San Juan, Distrito Primero, en procedimiento de mandamus.

No. 3103.—Resuelto en marzo 20, 1924.

Portar Armas Prohibidas—Propiedad del Arma si el Acusado es Absuelto.— Cuando en el juicio en que fué absuelto un acusado por portar armas prohibidas quedó probado que el arma pertenecía al acusado, es el deber de la corte entregársela.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. E. Campillo.

Abogado del apelado: Sr. José E. Figueras, Fiscal.

El Juez Asociado Sr. Hutchison, emitió la opinión del tribunal.

La corte inferior declaró sin lugar una petición de auto de mandamus por las razones que a continuación se transcriben:

"En este caso se presentó una petición solicitando un auto de mandamus por el cual se ordenase al juez municipal de San Juan, Sección Segunda, la entrega de una pistola o revólver que se dice retiene dicho funcionario después de haberse celebrado el juicio seguido contra Luis Pacheco Vidal, peticionario, por el delito de portar armas.

"Se alega en la petición que el peticionario fue absuelto del delito que se le imputaba en la misma corte inferior, y en esta absolución funda su derecho a que le sea devuelta el arma de fuego referida.

"La corte cree que no procede dictar el auto de mandamus solicitado porque el juez de la corte inferior tiene discreción para devolver o no un arma de fuego que ha sido presentada como prueba en juicio criminal, y un fallo absolutorio dado a favor de una persona acusada por el delito de portar armas, no resuelve nada con respecto al derecho de propiedad sobre el arma ocupada. Si el arma pertenece en realidad al peticionario y si ella fué ocupada ilegalmente, él tiene un remedio eficaz en la ley para exigir su devolución. Puede darse el caso de que una persona acusada del delito de Portar Armas, alegue en el momento del juicio que el arma no le fué ocupada en su persona, y que la corte dando cré-

dito a este testimonio decrete su absolución, ¿llevaría este fallo la implícita obligación de devolver al acusado el arma ocupada, si la corte no ha podido resolver si era o no de su propiedad? La negativa se impone.''

La petición no se funda única y exclusivamente en el hecho de una absolución del acusado, como manifestó el juez de distrito, sino que también alega que el peticionario ha sido privado de su propiedad sin el debido proceso de ley y cita de la orden dictada por el juez municipal el párrafo siguiente:

''Pero hay un hecho debidamente probado y no contradicho, y es que el revólver o pistola ocupada es de la propiedad del acusado; y claro es que si la corte no pudo constatar la verdad de lo alegado en la denuncia, ni lo establecido por la prueba de la defensa, mal puede concluir en que el arma fué ocupada ilegalmente, y que en su consecuencia procede su devolución. Se desestima dicha moción.''

El artículo 26 del Código Penal prescribe que:

''Ninguna convicción por delito apareja la pérdida o comiso de bienes, salvo los casos en que dicha pena estuviere expresamente impuesta por la ley.''

Resultaría a *fortiori* que ninguna corte tiene autoridad, discrecional o de otro modo, para confiscar los bienes de cualquier persona acusada de un delito, después de una absolución, a falta de alguna disposición legal en tal sentido y en un caso en el cual no existe cuestión sobre el derecho de propiedad.

Debe revocarse la sentencia apelada y devolverse el caso a la corte de su origen para ulteriores procedimientos de acuerdo con la ley.

*Revocada la sentencia apelada y devuelto el caso para ulteriores procedimientos.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf, Aldrey y Franco Soto.