Eloy González, peticionario y apelado, *v.* Juez Municipal de Mayagüez, Hon. Cristino R. Colón, querellado y apelante.

No. 6582.—*Sometido:* Febrero 19, 1934. *Resuelto:* Febrero 24, 1934.

*Cristino R. Colón* compareció por su propio derecho; *I. Freyre,* abogado del apelado.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

Se solicita la desestimación de la apelación interpuesta en este caso porque se dejó vencer el término reglamentario para presentar el alegato sin archivar dicho documento ni solicitar prórroga para su archivo y porque la transcripción radicada es nula por haber sido certificada por el Secretario de la Corte de Distrito sin cobrar para el Pueblo los derechos que ordena la ley.

La transcripción se radicó en esta Corte en diciembre 26, 1933. La moción de desestimación el 17 de enero siguiente. A esa última fecha no se había presentado el alegato del apelante ni se había solicitado prórroga del término de diez días contado a partir del archivo de la transcripción, que fija el artículo 42 del Reglamento de esta Corte Suprema, Ley de Enjuiciamiento Civil, pág. 326, Ed. 1933, que había vencido con exceso.

En enero 24 compareció el apelante oponiéndose a la desestimación. Acompañó su alegato y pidió a la corte que lo admitiera en el ejercicio de su discreción. En enero 31 la parte apelada radicó un alegato en apoyo de su moción de desestimación. La vista de ésta se celebró sin asistencia de las partes en febrero 19 en curso.

A los efectos de decidir si es éste o no un caso en el que deba el tribunal ejercer su discreción admitiendo el alegato no obstante haber vencido el término de su presentación, lo hemos examinado.

Dos motivos nos llevan a resolver la cuestión en sentido negativo, a saber: el alegato no contiene un señalamiento separado de errores preparado de acuerdo con lo dispuesto en el Reglamento de este Tribunal, y penetrando eso no obstante en su fondo se concluye que el caso que presenta no es meritorio.

El Juez Municipal de Mayagüez es el apelante. Ante la corte que preside se presentó una denuncia contra Eloy González y otro imputándoles una violación de la Ley Hípica

Insular consistente en el mantenimiento y explotación de un *pool* clandestino. Celebrado el juicio, terminó por sentencia que dice:

"Absueltos ambos acusados por ciertas dudas razonables que tiene la Corte en cuanto a determinadas cuestiones que se han presentado, pero decretándose la confiscación de toda la evidencia ocupada para ser destruída la que resulte inútil y la otra en beneficio de El Pueblo de Puerto Rico. (fdo.) C. R. Colón."

Uno de los elementos aportados como prueba en el juicio fué la suma de $37.69 ocupada por los agentes de la autoridad que registró la casa de González, quedando dicha suma confiscada de acuerdo con la sentencia del Juez Municipal.

González se dirigió a la corte de distrito y le pidió que expidiera un auto de *mandamus* dirigido a dicho juez municipal ordenándole la entrega al peticionario de la suma indicada.

Se expidió el auto, se oyó a las partes y la corte de distrito declaró finalmente con lugar la petición. Y es de esa resolución que apela el juez municipal.

Si el acusado fué absuelto del delito que se le imputó, ¿cómo puede confiscársele el dinero que se le ocupara con motivo de la comisión del mismo? Si no se probó que se condujera el *pool* clandestino cuya existencia dió lugar al registro, ¿cómo puede considerarse que el dinero ocupado se estuviera usando ilegalmente?

El caso de *Chevremont* v. *El Pueblo*, 3 D.P.R. 114 que cita el apelante no tiene aplicación alguna. En él se resolvió, copiando del resumen:

"Al emitir y vender billetes de lotería, bajo las leyes entonces vigentes, la Diputación Provincial de Puerto Rico contrajo la obligación de celebrar los sorteos correspondientes a los mismos, y al no hacerlo así, por incumplimiento de esa obligación, los tenedores de dichos billetes tienen derecho a la devolución del dinero pagado por ellos, quedando el Gobierno obligado a satisfacer sus reclamaciones."

Aquí no existe reclamación alguna de particulares. Denunciado un delito, se investiga y se absuelve a los acusados

por falta de prueba y eso no obstante se decreta la confiscación del dinero ocupado no para devolverlo a determinadas personas que lo reclamaran como suyo, sino para ingresarlo en las arcas del tesoro público.

El caso de *Pacheco* v. *Juez Municipal,* 32 D.P.R. 895, que invoca el apelado sí que tiene aplicación. En él esta corte, por medio de su Juez Asociado Sr. Hutchison, después de considerar los hechos envueltos y de transcribir el art. 26 del Código Penal, terminó diciendo:

"Resultaría a *fortiori* que ninguna corte tiene autoridad, discrecional o de otro modo, para confiscar los bienes de cualquier persona acusada de un delito, después de una absolución, a falta de alguna disposición legal en tal sentido y en un caso en el cual no existe cuestión sobre el derecho de propiedad."

No es necesario considerar la segunda cuestión suscitada. *Debe desestimarse el recurso.*